**Jo Pierce SMITH, Plaintiff,**

v.

**BURDETTE CHRYSLER DODGE CORPORATION and Wayne Burdette, individually, Defendants.**

Civ. A. No. 2:90–438–1.

United States District Court, D. South Carolina, Charleston Division.

Oct. 4, 1991.

Bernard Eugene Ferrara, Jr., Bailey and Buckley, Charleston, S.C., for plaintiff.

Ruskin C. Foster, McKay, McKay & Henry, Columbia, S.C., for defendants.

## ORDER

HAWKINS, Chief Judge.

This matter is before the court on Defendant Wayne Burdette's motion for summary judgment. Plaintiff filed opposition to Defendant's motion and oral argument was entertained by this court on September 9, 1991.

Plaintiff filed suit against the defendants asserting claims for common law fraud, violation of the state deceptive trade practices act (SCUTPA), the federal motor vehicle information statute, and the S.C. motor vehicle dealers' regulatory statute, as a result of a faulty odometer in her automobile which she purchased from the defendant corporation. She has sued the corporate dealership (Dealership) and has sued the owner of the dealership individually (Burdette), as a "controlling person" of the corporation, for damages resulting from her reliance on the representations that the cumulative mileage on the car was 76,640.

Jo Smith purchased a 1985 Chrysler Le-Baron from Burdette Chrysler–Dodge Corporation on August 4, 1989 for the sum of $6,717.50. Plaintiff alleges that Defendants represented orally, and in writing,[1] that the total cumulative mileage on the car at the time of purchase was 78,640 miles and that Defendants failed to disclose that the actual mileage on the car was unknown. Sometime after purchasing the car, plaintiff noticed that the odometer did

not function properly. After the car had been driven for a distance the odometer would "flip back" to a cumulative mileage reading of approximately the same 78,640 figure as previously shown.

Burdette moves for summary judgment arguing that as an individual owner of the corporation he has no legal liability under the South Carolina Unfair Trade Practices Act for the Dealership's violation of the statute in a private action for damages. Burdette contends that there are no allegations of wrongdoing on his part individually and that plaintiff has denied any contact with Burdette individually so the fraud claim against him should be dismissed for lack of genuine issue of material fact.

Before reaching the issues raised by Burdette, this court will address the question of subject matter jurisdiction over the individual defendant. The parties to this action are not diverse [2] and this action was removed to federal court solely on the allegation that a federal cause of action exists as to both defendants.

Plaintiff's complaint alleges that Burdette violated the federal Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1988 and 1989. The federal statute holds transferors of motor vehicles liable for damages for false odometer information given to the purchaser if the information was given with the intent to deceive. 15 U.S.C. § 1989. Plaintiff alleges that the dealership held title to the automobile prior to her purchase, but makes no allegations that Burdette ever held title to the car. At oral argument, plaintiff's counsel admitted that the federal cause of action was not brought against Burdette individually.

Without a federal claim lodged against Burdette, there is no independent basis for jurisdiction over the state law claims against him. However, at oral argument, plaintiff asserted that this court has pen-

---

[1]. Defendants provided plaintiff with a sworn and notarized odometer statement which also indicated that the mileage was as above stated.

[2]. *See,* 28 U.S.C. § 1332.

dent jurisdiction[3] over Burdette presumably because the allegations of the state law claims arise from the same set of facts.[4]

There has long been discussion in the federal courts as to the propriety of pendent-party jurisdiction, or in other words, appending the adjudication of non-federal claims asserted against a party for whom there is no independent basis for federal jurisdiction to a cause of action against another party who is properly before the court. *See, Finley v. U.S.*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (no pendent-party jurisdiction in suit against U.S. under FTCA); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (no pendent-party jurisdiction of non-diverse defendant); *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) (recognized the distinction of pendent-party jurisdiction but disallowed pendent-party jurisdiction with respect to a claim brought under 28 U.S.C. § 1343 and 42 U.S.C. § 1983).

In *Finley v. U.S., supra,* the Supreme Court opined that a grant of jurisdiction over a federal question does not, alone, grant pendent-party jurisdiction. Unfortunately, the *Finley* opinion does not state clearly what else is required to be present for pendent-party jurisdiction to exist.[5] Shortly after the *Finley* decision, Congress enacted the Judicial improvements Act of 1990 wherein Congress expressly conferred "supplemental jurisdiction" on the district courts. Under a provision of the new Act, the district courts have jurisdiction in any civil action, to hear all other claims so related to claims over which the district court would have original jurisdiction that those claims form part of the same case or controversy under Article III of the Constitution, even if that includes the addition of parties.[6] The new law permits the district courts to decline to exercise supplemental jurisdiction if there are certain exceptional circumstances or compelling reasons to do so.[7] Supplemental jurisdiction, as created by the enactment, applies to civil actions commenced on or after December 1, 1990.

Since the case *sub judice* was commenced prior to the effective date of the new law, the specific authorization to exercise pendent-party jurisdiction found therein is not available to this court. Furthermore, this court finds that the questions raised by the claims against Burdette provide a compelling reason to decline to exercise jurisdiction over him.

The substance of defendant's motion for summary judgment is that the "controlling person doctrine" does not apply to private actions for damages sought pursuant to SCUTPA. South Carolina courts have not touched upon the precise question raised which is whether Burdette, as a controlling person, is liable to plaintiff for damages simply as a result of the Dealership's violation of the statute.

The controlling person doctrine arose in cases under federal law. It is commonly used to hold individuals directors and officers of corporations liable for corporate

---

**3.** Plaintiff's counsel made no distinction between pendent-claim jurisdiction and pendent-party jurisdiction. Pendent-claim jurisdiction allows a federal court to entertain non-federal claims brought against a party already properly before the court when all the claims arise from the same case or controversy. Pendent-party jurisdiction concerns appending a non-federal claim against a non-diverse party for whom there is no independent basis for federal jurisdiction to a claim against another party who is properly in federal court.

**4.** *See, United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

**5.** Prior to *Finley v. U.S., supra,* a two-part test derived from language in *Aldinger v. Howard,* 427 U.S. at 18, 96 S.Ct. at 2442, 49 L.Ed.2d 276,

guided the district courts in determining whether they had the power to exercise pendent-party jurisdiction: if the district court found that exercising such jurisdiction was consistent with its grant of authority under Article III of the Constitution, i.e., the non-federal claim was part of the same case or controversy, and that Congress had not expressly, or by implication, negated the existence of jurisdiction, then the district court could, in its discretion, exercise pendent-party jurisdiction.

**6.** 28 U.S.C. § 1367.

**7.** 28 U.S.C. § 1367(c).

violations in federal securities fraud cases. Additionally, the controlling person doctrine is applied by the Federal Trade Commission in cases for governmental enforcement of the Federal Trade Commission Act. It has also been utilized in many state securities fraud statutes, including South Carolina's statute, to hold individual directors of a corporation liable for corporate violations of the blue sky laws.

Plaintiff urges this court to apply the controlling person doctrine, as espoused in *State v. C & L Corp., Inc.*, 280 S.C. 519, 313 S.E.2d 334 (App.1984), to Burdette to make him liable for damages to plaintiff in a private action under SCUTPA. The plaintiff relies specifically on the language of *C & L* wherein the S.C. appellate court stated "[u]nder the controlling person doctrine, both the corporation and its controlling persons are liable for a corporate violation of the Act," even though the *C & L* case was one of governmental enforcement. *Id.*, 313 S.E.2d at 341. The appellate court cited a string of federal cases on the issue as it is raised in the context of the Federal Trade Commission Act in support of its statement.

All the cases cited under the federal act, and the lone S.C. appellate case cited, discuss use of the controlling person doctrine in the context of government suits for civil penalties or injunctive relief. In actions by the Attorney General seeking injunctive enforcement remedies and civil penalties, the court may hold officers and directors of a corporation individually responsible for the corporation's statutory violations under the controlling person doctrine. SCUTPA is, by the statute's own language, to be interpreted analogously to the federal act; however, the federal act does not create a private right of action to recover damages.

In the FTC cases, the Commission is permitted to name individual officers and directors "who have played a significant roll in the acts or practices giving rise to the complaint." *Gold Bullion International, Ltd., et al.*, 92 F.T.C. 196, *citing, Federal Trade Commission v. Standard Education Society*, 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141 (1937). *Accord, Consumer Sales Corporation v. Federal Trade Com-*

*mission*, 198 F.2d 404, 408 (2d Cir.1952). The emphasis of the cases involving governmental action is to punish or enjoin responsible individuals, as well as the offending corporate entity, and to deter those individuals from simply setting up a new organization which utilizes the same scheme to defraud.

Burdette argues that, in a private right of action for damages, to hold directors and officers individually liable for corporate violation of the Act, without more, would shred the protection of the corporate veil. In other claims launched against a corporation and its officers individually, a plaintiff is required to pierce the corporate veil to expose individual assets for payment of damages. Furthermore, even with the use of the controlling person doctrine in the context of governmental enforcement of unfair trade practices cases, a plaintiff is required to prove that officers, directors, or shareholders knew of and were individually responsible for the fraud. Therefore, Burdette urges that holding a corporate officer individually liable for damages the result of a corporate act in a deceptive trade practice suit is both inappropriate and without precedent.

Although considerations of judicial economy and convenience sometimes favor the exercise of pendent jurisdiction, the questions raised by plaintiff's state law claims against Burdette are uniquely state law matters. This court finds that it would be imprudent to entertain the claims against Burdette that would be more properly addressed by South Carolina courts; and thus, this court declines to exercise pendent jurisdiction over Burdette.

Accordingly, for the reasons herein expressed, plaintiff's claims against Wayne Burdette, individually, are hereby dismissed without prejudice.[8]

IT IS SO ORDERED.

---

**8.** *See e.g., Cwiakala v. Economy Autos, Ltd.*, 587 F.Supp. 1462 (N.D.Ind.1984) (no justiciable

claim presented against individual under federal Motor Vehicle Information and Cost Savings Act, pendent state law claims dismissed).