United States Court of Appeals,

Fifth Circuit.

No. 93-7032

Summary Calendar.

John C. NOBLE, Plaintiff-Appellee,

v.

F.A. WHITE, Jr. and Claiborne County Mississippi Board of Election Commissioners,
Defendants,

F.A. White, Jr., Defendant-Appellant.

Aug. 2, 1993.

Appeal from the United States District Court for the Southern District of Mississippi.

Before GOLDBERG, JOLLY, and JONES, Circuit Judges.

PER CURIAM:

F.A. White defeated John C. Noble in an election for the office of Claiborne County Superintendent of Education. Following the election, Noble filed suit in Mississippi state court against White and the County Board of Election Commissioners, alleging voting irregularities in violation of federal and state law. White removed the case to federal court. Prior to the commencement of trial, the district court dismissed Noble's federal claims with prejudice and remanded Noble's remaining state claim to the state court. White appeals from the district court's order remanding the state claim. We affirm.

FACTS

On November 5, 1991, F.A. White and John C. Noble competed in an election for the office of Claiborne County Superintendent of Education. The County Board of Election Commissioners declared White the winner of the election by a margin of 52 votes.

Noble challenged the results of the election in Mississippi state court under three causes of action. Noble's first cause of action alleged that Mississippi's election laws were violated *inter alia* by the following voting irregularities: (1) a void ballot went through the voting machine three times and was counted for White; (2) one precinct had four more votes than voters; (3) a valid ballot on

behalf of the petitioner was not counted; (4) the voting machines malfunctioned at the Alcorn precinct and polls were closed thirty minutes early thereby preventing 60 of Noble's supporters from voting; (5) absentee ballots were improperly counted; and (6) a ballot box was returned to the courthouse without a seal.

Noble's second cause of action alleged that the early closing of the polls at the Alcorn precinct, as alleged in Count 1, violated the Voting Rights Act of 1965, 42 U.S.C. 1973c. Noble's third cause of action alleged that the early closing of the polls at the Alcorn precinct deprived sixty voters of their 14th amendment right to due process.

On the basis of Noble's federal law causes of action, White removed the case to federal court. Prior to the commencement of trial, the district court raised concerns about plaintiff's standing to bring the federal claims and the plaintiff voluntarily moved to dismiss both of his federal claims. Upon plaintiff's motion, the district court dismissed plaintiff's federal claims with prejudice and remanded the remaining state law claim to the state court in which the case was originally filed.[1] Defendants opposed the remand of the state claim and filed a motion to Alter or Amend the Judgment and for summary judgment as to all claims. The district court denied defendants' motion. On appeal, White and the Board of Election Commissioners claim that the district court abused its discretion by remanding Noble's state cause of action to the state court.

## ANALYSIS

Federal courts may, under limited circumstances, exercise jurisdiction over state law claims. 28 U.S.C. § 1367(a) provides:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

While under § 1367(a) a district court properly exercises supplemental jurisdiction over state law claims that are part of the same case or controversy over which the district court has original

---

[1]At Noble's deposition, Noble's attorney expressed his intention to amend Noble's first cause of action, abandoning all allegations except for the alleged early closing of the Alcorn precinct and the irregularity in the counting of the absentee ballots. The record does not reflect that Noble ever in fact amended his original complaint.

jurisdiction, § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court had dismissed all claims over which it has original jurisdiction." District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed. The Commentary to § 1367(c)(3) explains:

> the idea here is that once the crutch is removed- the claim that supports the supplemental jurisdiction of the other claim or claims- the other should not remain for adjudication ... [J]udicial discretion here is a particularly important element. Here the "may' in "may decline' has a major role to play. 28 U.S.C. § 1367 Practice Commentary (West Supp.1993).

We do not lightly disturb a district court's § 1367(c)(3) determination to remand state law claims. *See, e.g., Rhyne v. Henderson County,* 973 F.2d 386, 395 (5th Cir.1992) ("the district court has properly dismissed all of the federal questions that gave it original jurisdiction in this case. Therefore, we find that the district court's dismissal of the state-law claims was proper under 28 U.S.C. § 1367(c)(3)"); *Cook, Perkiss & Liehe Inc. v. Northern California Collection Serv.,* 911 F.2d 242, 247 (9th Cir.1990).

The Supreme Court in *United Mine Workers of America v. Gibbs,* emphasized that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Considerations of comity are particularly important in the context of state elections. We have repeatedly refused to get involved in resolving state election disputes arising under state laws. *See Hubbard v. Ammerman,* 465 F.2d 1169, 1181 (5th Cir.1972) *cert. den.* 410 U.S. 910, 93 S.Ct. 967, 35 L.Ed.2d 272 (1973) ("Since this local election contest had turned toward the legality of ballots cast outside the precincts of the voter, a violation of Texas law and obviously a state question, and since this issue was to govern the outcome of the contest, we must point out here that Federal Courts do not intervene in state election contests for the purpose of deciding state law, if no federal constitutional question is involved"); *Welch v. McKenzie,* 765 F.2d 1311, 1317 (5th Cir.1985) (" "ordinary dispute over the counting and marking of ballots,' involving complaints about missing signatures, ballots that should have been mailed rather than hand delivered ... are not actionable in federal courts because of our system's recognition that

states are primarily responsible for regulating their own elections"). If there are areas where angels fear to tread, surely there are places the sight of which make federal judges tremble. Federal judges are wise to hesitate before entering the judicial thicket of state election laws; we will chop trees if absolutely necessary, but ever mindful of our commitment to comity.

After dismissing Noble's federal claims, the district court declined to exercise its supplemental jurisdiction over Noble's remaining state law claims and remanded the case to a court that has previously cut its way through the forest. The district court held that "pursuant to 28 U.S.C. § 1367(c), the court in its discretion remands the plaintiff's remaining state law claims to the Circuit Court of Claiborne County, Mississippi."

Appellants argue that the district court abused its discretion in remanding the state claims to state court because Noble lacked sufficient evidence to prove the alleged voting irregularities. Moreover, appellants argues that even if Noble mustered enough evidence to prove voting irregularities, under Mississippi law, such irregularities are not sufficient to vitiate election results absent fraud or intentional wrongdoing.

We do not reach the merits of appellants' argument. In light of the discretion afforded to district courts in making § 1367(c)(3) determinations, and the well established policy considerations militating against federal court involvement in state election disputes arising under state law, we hold that the district court did not abuse its discretion in remanding the state law claim to state court.

## CONCLUSION

For the foregoing reasons we AFFIRM the order of the district court.