**HALLCO TEXAS, INC., Plaintiff,**

v.

**McMULLEN COUNTY, TEXAS, and the Commissioners of McMullen County, Texas: Hon. Elaine Franklin, Asa Farrer, Jr., Rodney Swaim, Jr., Herman Smith and Maximo G. Quintanilla, Jr., Defendants.**

Civil Action No. L–95–22.

United States District Court, S.D. Texas, Laredo Division.

Feb. 28, 1996.

Ronald August Ortman, Santa Barbara, CA, for plaintiff.

C. Rex Hall, Jr., Austin, TX, for defendants.

### MEMORANDUM

KAZEN, District Judge.

Pending before the Court is Defendant McMullen County's [1] ("the County") opposed motion to dismiss or alternatively to stay this proceeding. In this action, Plaintiff Hallco challenges as unconstitutional Defendant's ordinance prohibiting solid waste disposal within three miles of Choke Canyon Lake.

### BACKGROUND

On January 3, 1991, Plaintiff purchased a 128–acre tract in McMullen County with the intent of using it as a disposal site for nonhazardous solid waste. On January 27, 1992, Plaintiff applied to the Texas Natural Resource Conservation Commission ("TNRCC") for a solid waste disposal permit. After a hearing, the TNRCC tentatively approved Plaintiff's application on April 22, 1993. On June 14, 1993, the McMullen County Commissioners Court adopted McMullen County Ordinance No. 01–06–93, which prohibits solid waste disposal within three miles of Choke Canyon Lake. Absent recent developments of which this Court is unaware, Plaintiff is still awaiting a final determination by the TNRCC on its permit application.

---

1. "Defendant McMullen County" includes the County as well as the named County Commissioners.

On March 10, 1995, Plaintiff filed suit in this court seeking a declaration that the ordinance is unconstitutional and also money damages. Plaintiff's Sixth Amended Complaint claims violations of the Due Process Clause of the Fourteenth Amendment, the Takings Clause of the Fifth Amendment, the Equal Protection Clause, Tex. Health & Safety Code § 361.151, and Tex. Gov't Code § 481.143.

### I. *Takings Claim*

■■■ The fifth amendment provides, in relevant part, that no "private property [shall] be taken for public use without just compensation." U.S. Const. amend. V. There are two clearly compensable types of takings. One is when the government physically occupies or appropriates private property. *See e.g., Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 426, 102 S.Ct. 3164, 3171, 73 L.Ed.2d 868 (1982). The other is when a government regulation denies the owner all economically beneficial or productive use of his land. *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1015–1018, 112 S.Ct. 2886, 2893–2894, 120 L.Ed.2d 798 (1992). A variant of the second type is when the government regulation goes "too far" compared with the public interest it is designed to promote. *Id.* This latter situation requires a case specific inquiry before compensability can be established. Hallco's claim falls in this category, since it neither involves government occupancy nor deprivation of all use of the land. Even assuming a compensable "taking" in this case, however, Hallco's claim is clearly not ripe.

■ In *Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 185–195, 105 S.Ct. 3108, 3116–3120, 87 L.Ed.2d 126 (1985), the Supreme Court held that a party alleging a taking must first obtain a final decision regarding the application of the regulation to his property, and must also first use state procedures to seek just compensation.[2]

It is arguable whether Hallco meets the first condition. Apparently, it has neither submitted a plan to the County nor sought a variance or waiver from the Commissioners Court. Hallco argues that the ordinance constitutes a final decision because, unlike the regulation in *Williamson County,* this ordinance does not expressly provide any means for obtaining variances from its provisions. Plf.'s First Am. Resp. to Def.'s Mot. to Dismiss at 8. The Court will not dwell on this argument since Hallco has not met the second ripeness condition.

■ "[B]efore a takings claim is ripe, the claimant must unsuccessfully seek compensation. Short of that, it must be certain that the state *would* deny that claimant compensation were he to undertake the obviously futile act of seeking it." *Samaad v. City of Dallas,* 940 F.2d at 934 (emphasis in original). Under Article I, § 17 of the Texas Constitution, property owners claiming an uncompensated taking may seek compensation through an inverse condemnation suit. *See Westgate Ltd. v. State,* 843 S.W.2d 448, 452 (Tex.1992). Hallco makes no claim to have sought just compensation; therefore, its takings claim is premature.

### II. *Substantive Due Process Claim*

■ Hallco alleges that the McMullen Ordinance "bear[s] an extremely remote relation to any legitimate concern about the public health or welfare" and therefore is an improper exercise of the County's police powers. Plf.'s Sixth Am. Compl. at 6. Plaintiff labels this claim as a substantive due process claim.

In *Shelton v. City of College Station,* 780 F.2d 475, 482–83 (5th Cir.1986), *cert. denied,*

---

**2.** Plaintiff argues that the *Williamson County* test is only applicable to decisions made by administrative agencies. Plf.'s First Am. Resp. to Def.'s Mot. to Dismiss at 6. This argument is meritless. Nowhere in the *Williamson County* opinion did the Supreme Court restrict the test only to administrative agencies. Moreover, since the *Williamson County* decision, courts have consistently applied the two-prong test to actions by municipalities. *See e.g., Eide v. Sarasota County,* 908 F.2d 716 (11th Cir.1989), *cert. denied,* 498 U.S. 1120, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991) (test applied to county's sector plan); *Christopher Lake Development Co. v. St. Louis County,* 35 F.3d 1269 (8th Cir.1994) (test applied to county's land development criteria); *Samaad v. City of Dallas,* 940 F.2d 925, 933 (5th Cir. 1991).

477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986), the Fifth Circuit, sitting *en banc,* noted that

> [w]e have long insisted that review of municipal zoning is within the domain of the states, the business of their own legislatures, agencies, and judiciaries, and should seldom be the concern of federal courts. A person disappointed with a zoning decision ordinarily can interest the federal courts only in a substantial claim that the state has deprived him of a property right without due process of law. In the absence of invidious discrimination, suspect classifying criteria, or infringement of fundamental interests, our review of these quasi-legislative decisions is confined to whether the decisions were "arbitrary and capricious." This requirement of substantive due process under the fourteenth amendment .... is met if there was any conceivable rational basis for the zoning decision.

More recently, the First Circuit Court of Appeals has reiterated this principle, holding that a court should not reverse the determination of a public body in zoning matters unless the challenged action has no foundation in reason and no substantial relation to the public health, morals or safety. *Smithfield Concerned Citizens v. Town of Smithfield,* 907 F.2d 239, 243 (1st Cir.1990).

 Hallco's claim is primarily based on the proposition that the ordinance is unjustified because Hallco's engineers, after an extensive study, concluded that the land in question was suited for a nonhazardous solid-waste disposal site while the County did not conduct any similar study before adopting the ordinance. In *Shelton,* however, the Fifth Circuit instructed that enactment of an ordinance such as this is to be reviewed as a legislative decision, not an adjudicative one. *Shelton,* 780 F.2d at 479. Thus, this Court's inquiry is limited only to whether the County had "a conceivable factual basis" for its decision. *Id.* at 480. Put another way, the Court is to inquire whether there was "any possible rational basis" for the ordinance rather than inquiring "into the actual basis" for the ordinance. *Id.* at 481. The standard is a highly deferential one, in which the

ordinance is to be upheld so long as its rationale is "at least debatable." *Id.* at 483. This decision may be made by examining the stated purposes of the ordinance. *Smithfield Concerned Citizens,* 907 F.2d at 244. The preamble of this McMullen Ordinance recites the need to preserve a safe and abundant supply of drinking water for the citizens of the County in order to protect their health and welfare. It adds that the soil in the area of Choke Canyon Lake is porous and the subsurface materials tend to be unstable and volatile, and that adequate waste disposal sites are available in areas not as close to the lake. In Plaintiff's brief filed October 20, 1995, it attaches as Exhibit D an "Issues List" prepared by the Office of Public Interest identifying "apparent disputed issues" concerning Hallco's permit before the TNRCC. The issues described in this list aptly illustrate that the safety of this proposed project is at least "fairly debatable." The Court concludes that Hallco cannot prevail on its substantive due process claim.

### III. *Equal Protection Claim*

Count Four of the Sixth Amended Complaint merely lists the equal protection clause as being among the constitutional provisions violated by the County ordinance, without any elaboration. Earlier pleadings, however, contained an allegation that the ordinance wrongly created separate classifications for landfill facilities and treated Hallco's proposed facility "differently than other McMullen County facilities." *See* Plf.'s Fifth Am. Compl. at 7. Obviously, Hallco is not claiming that the ordinance affects fundamental personal rights or is based upon inherently suspect distinctions such as race, religion or alienage. Therefore, this ordinance, like other zoning classifications, is subject "to the same rational basis analysis utilized in due process claims." *Jackson Court Condominiums v. City of New Orleans,* 874 F.2d 1070, 1079 (5th Cir.1989). For reasons already stated in this opinion, the ordinance on its face is rationally related to a legitimate state objective and does not violate the equal protection clause.

## IV. *Procedural Due Process*

This allegation was apparently added for the first time in the Sixth Amended Complaint. The County briefly comments on this allegation at page 8 of a reply filed September 6, 1995 (Dckt. No. 33). The Court can find no discussion of this issue by Hallco. Further briefing is necessary. For example, the County suggests that this claim is barred by limitations, but the "relation back" doctrine must be considered. The County also says that procedural due process requirements do not apply because passage of the ordinance was a legislative act, citing *Jackson Court Condominiums*, 874 F.2d at 1074. That opinion, however, contains a footnote suggesting that the foregoing may not be a "flat rule." *Id.* at n. 3. That case also did not involve the precise issue here, namely, an alleged failure to give notice of the proposed ordinance. Moreover, there is no record as to the actual facts on this issue. For example, it is not known whether Hallco in fact never received notice and never had an opportunity to object to the ordinance, or whether it simply complains about the way it received the notice. Also, the Court requires further information as to whether Hallco was deprived of a "property right" without due process of law. Obviously, the ordinance deprives Hallco of one use of the land but does not deprive it of any other uses or purport to confiscate the land. Hallco apparently recognizes it cannot proceed on this project without approval from at least the State of Texas, which is an implicit recognition that it has no unfettered legal right to use this property as a waste disposal site. All these questions require further input, both factually and legally.

## V. *Pendent State Claims*

■ Counts Six and Seven of the Sixth Amended Complaint charge violations of State law. Hallco charges that the County is usurping the legitimate authority of the TNRCC and also violating a provision of the Texas Government Code. Even if the Court retains any federal claim, a federal court should be slow to entertain state claims of this kind. *See Noble v. White*, 996 F.2d 797, 799 (5th Cir.1993) (affirming dismissal of pendent state law claim involving state election laws). They raise the question of intergovernmental state conflicts and novel questions of state law that are much more appropriately addressed by a state court. Guided by 28 U.S.C. § 1367(c)(1), the Court is inclined to decline supplemental jurisdiction over these state court claims, especially since a parallel state court suit exists.

## VI. *Conclusion*

For the foregoing reasons, Hallco's federal claim under the takings clause will be dismissed without prejudice. The federal claim for violation of the equal protection clause and the substantive due process claim will be dismissed with prejudice. The parties are invited to comment further on the federal procedural due process claim and on whether the Court should continue to entertain the state claims.[3] The County may respond on or before March 8, 1996; Hallco may respond on or before March 18, 1996. Both sides previously indicated a willingness to consider mediation of this dispute in the context of a monetary settlement (Dckt. Nos. 36 and 37). The Court encourages such a step, which essentially would be an effort to settle the takings claim. If the parties are still willing to mediate, the Court will suspend the foregoing briefing deadlines to allow mediation to take precedence. The parties should notify the Court forthwith if they choose that option.

DONE.

---

3. The County's motion for the Court to abstain from ruling on the federal claims will be denied.