Gloria HAND, et al.

v.

FIREMAN'S FUND INS. CO.

Civil Action No. 96–3817.

United States District Court,
E.D. Louisiana.

Sept. 29, 1997.

Lawrence D. Wiedemann, Wiedemann & Wiedemann, New Orleans, LA, for Gloria Hand, Kernan A. Hand.

Lawrence J. Duplass, Duplass, Zwain, Williams, Metairie, LA, for Fireman's Fund Ins. Co., American Ins. Co.

Temple Ann Stephens, Law Offices of Robert J. Neal, Metairie, LA, for Anthony L. Golemi Contractor, Inc., Maryland Cas. Co., Golemi Const. Co., Inc.

William Lee Brockman, Bernard, Cassisa, Elliott & Davis, Metairie, LA, for Specialty Concrete Const., Inc.

Leonard Michael D'Angelo, Harvey L. Strayhan, Jr. & Associates, Metairie, LA, for Stanley Chatagnier, Char Ray Const. Co.

Stephen Winthrop Rider, Cynthia Luckie Knight, McGlinchey, Stafford & Lang, New Orleans, LA, for Howard Pile Driving Co.

Burt K. Carnahan, Ann T. Schramm, Lobman, Carnahan, Batt & Angelle, New Orleans, LA, for Siu Lan Jsiam, Frank Fon Jee.

Randall A. Smith, Andrew Lewis Kramer, Smith, Jones & Fawer, New Orleans, LA, for Ann Leak, Joseph M. Miller, Jr.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is the Motion to Dismiss and Request that This Court Decline Supplemental Jurisdiction by third party defendant Golemi Contractor Company ("Golemi"). For the reasons stated below, IT IS ORDERED that this action is HEREBY DISMISSED as to the remaining claims of the remaining parties without cost and without prejudice.

Since Golemi filed its motion to dismiss and Ann Leak, wife of/and Joseph M. Miller ("the Millers") filed their memorandum in opposition, all other parties to this lawsuit have settled, and this court entered a Partial Order of Dismissal on September 14, 1997, dismissing this matter with regard to all other claims in this action. The only remaining claims are the third party claims by the Millers against Golemi and C.A. Wethern Professional Civil Engineers ("Wethern"). The Millers assert claims for damages, mental anguish, indemnity, and attorney's fees resulting from alleged negligence in design and construction of their home, as well as breach of warranties on work, materials and fixtures.[1]

None of these remaining claims constitute a claim over which the district court has original jurisdiction. The Millers' claims are all state law claims which bring no federal question into play. There is no diversity jurisdiction either, as all of the remaining parties are domestic and the amount in con-

troversy is well below the limit required to assert diversity jurisdiction. As 28 U.S.C. § 1367(c)(3) provides that the "district courts may decline supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction," this Court has discretion to dismiss all remaining claims in this matter, namely the Millers' claims against Golemi and Wethern. "District Courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White,* 996 F.2d 797 (5th Cir.1993). In its discretion, this court declines to retain supplemental jurisdiction in the present case.[2]

For the foregoing reasons, IT IS ORDERED that the Motion to Decline Supplemental Jurisdiction is HEREBY GRANTED, and this action is DISMISSED as to the remaining claims of the remaining parties, without cost or prejudice.

---

1. The Millers have also made a claim for indemnity from Golemi and Wethern in a separate action filed in state court.

2. Having declined to retain supplemental jurisdiction in this matter, this Court finds no reason to address arguments regarding dismissal for insufficient service of process or insufficient process.