**Rick MENDOZA and Irene Mendoza, Plaintiffs,**

v.

**UNITED STATES of America, Alicia G. Murphy, M.D. and Mariano Allen, M.D., Defendants.**

**No. EP–03–CA–0345–KC.**

United States District Court, W.D. Texas, El Paso Division.

June 30, 2006.

*See also* 481 F.Supp.2d 650.

John G. Mundie, Walter L. Boyaki, Miranda & Boyaki, El Paso, TX, for Plaintiffs.

Larry W. Hicks, Hicks & Lucky, El Paso, TX, for Defendants.

### ORDER

CARDONE, District Judge.

On this day, the Court considered Plaintiffs Rick Mendoza's and Irene Mendoza's Motion to Decline to Exercise Supplemental Jurisdiction ("Pls.' Mot."). Having reviewed the record, the Motion is hereby **DENIED.**

## I. BACKGROUND

In November 2001, Defendants Alicia G. Murphy, M.D. and Mariano Allen, M.D. ("Defendants") diagnosed Plaintiff Rick Mendoza with bladder cancer after specimen slides from a bladder biopsy revealed indications of invasive cancer. Pls.' Original Pet. 3. Consequently, on December 15, 2001, Plaintiff Rick Mendoza underwent surgery to remove his bladder and prostate. *Id.*

In March 2001, Plaintiffs Rick Mendoza and Irene Mendoza ("Plaintiffs") filed suit in state court against Defendants for negligence in allegedly misreading the biopsy specimens. *Id.* at 1. The allegations of this complaint are not before this Court.

In August 2003, Plaintiffs brought a separate suit in federal court against Defendant United States of America ("U.S.A."), alleging medical malpractice against the Department of Veteran's Affairs under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671. Pls.' Original Compl. 1. The alleged medical malpractice concerned the failure to timely diagnose and treat bladder cancer in 2000 and early 2001. *Id.* In March 2005, Plaintiffs joined Defendants on the basis of supplemental jurisdiction, 28 U.S.C. § 1367(a). Pls.' Am. Compl. 1.

In March 2006, Plaintiffs settled their claims against Defendant U.S.A., leaving only state law claims pending against Defendants in federal court. Pls.' Mot. 1. Accordingly, this Court has jurisdiction only through the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

Plaintiffs argue for this Court to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c), or in the alternative, to dismiss the case without prejudice. Pls.' Mot. 1. Defendants, on the other hand, urge this Court to retain supplemental jurisdiction over Plaintiffs' remaining state law claims. *See generally* Defs.' Resp.

## II. DISCUSSION

### A. Standard

The statutory provisions of 28 U.S.C. § 1367(c) (" § 1367(c)") set forth factors that control this Court's decision of wheth-

er or not to exercise its discretion to decline supplemental jurisdiction over pendent state law claims. 28 U.S.C. § 1367(c). Specifically, § 1367(c) provides:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of state law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (2006).

None of these factors, however, are determinative. *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir.1999). Rather, a district court must consider the factors in relation to the specific circumstances of each case. *Id.; Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir.1992); *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 307 (5th Cir.1991). In addition to the statutory provisions, a district court should also consider and weigh, in each case and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Batiste*, 179 F.3d at 227; *McClelland v. Gronwaldt*, 155 F.3d 507, 520 (5th Cir.1998).

## B. Plaintiffs' Claims Under 28 U.S.C. § 1367(c)

Plaintiffs argue that the four factors enumerated in § 1367(c) support their motion. Plaintiffs argue that the remaining state law claims involve novel and complex issues of Texas law that substantially pre-dominate over the federal claims. Further, Plaintiffs assert that this Court no longer has original jurisdiction because it has already dismissed the federal claims, and thus supplemental jurisdiction over state law claims should be declined. Finally, Plaintiffs argue that the interests of judicial economy, convenience, and fairness will be served by declining to exercise supplemental jurisdiction. This Court will address each factor in turn.

### 1. Novel or complex issue of state law

While Plaintiffs do not specifically argue that the remaining claims raise a novel or complex issue of state law, they do argue that it involves unique jurisprudence. Specifically, Plaintiffs argue that Texas law regarding the requirements for expert reports and the "open courts" exception to the two-year statute of limitations are procedurally complex. Pls.' Mot. 5. Plaintiffs further assert that Texas law on these issues is "very particular and voluminous and yet, allows for considerable discretion at the trial court level." *Id.* Defendants, on the other hand, argue that there is nothing novel or complex about the state law requirements of expert reports. Defs.' Resp. 11. Likewise, Defendants argue that Texas law regarding the two-year statute of limitations is equally uncomplicated and routine. *Id.* Ultimately, because Plaintiffs fail to specify with particularity any novel or complex issues of state law, Defendants urge this Court to retain supplemental jurisdiction. *Id.*

The first factor, § 1367(c)(1), gives this Court discretion to dismiss a claim supported only by supplemental jurisdiction if the claim raises a novel or complex issue of state law. 28 U.S.C. § 1367(c)(1). In determining whether an issue of state law is novel or complex, district courts examine the difficulty of the state law is-

sue and the amount of state decisional law interpreting the particular provisions. 13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3523.1 (2d ed.2006). Inquiry into the novelty or complexity of an issue includes whether the state law in the area is unsettled and whether the issue is one of first impression. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 927 (9th Cir.2001); *Smith v. Burdette Chrysler Dodge Corp.*, 774 F.Supp. 380, 382–83 (D.S.C.1991). Where the state and federal claims relate to the same set of facts, and the legal claim is not sufficiently complicated, a district court may, in its discretion, assume supplemental jurisdiction over the state claims despite one party's contention that the claims are novel or complex. *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 756 n. 12 (5th Cir.2001); *Batiste*, 179 F.3d at 227–28.

In the instant case, while the matters remaining in this lawsuit are solely questions of state law, they present no novel or complex questions that cannot be readily and routinely resolved by this Court. The "open courts" exception and the requirements for expert reports are routinely addressed in Texas courts. *See, e.g., Shah v. Moss*, 67 S.W.3d 836, 847 (Tex.2001) (discussing Texas Constitution's open courts provision which protects a person from legislative acts that restrict a person's right to sue before there is a reasonable opportunity to discover the wrong and bring suit); *O'Reilly v. Wiseman*, 107 S.W.3d 699, 706 (Tex.App.2003) ("Open courts provision of State Constitution did not invalidate the two-year statute of limitations as applied to patient since it was not impossible or exceedingly difficult for patient to discover injury within limitations period."); *Odak v. Arlington Mem'l Hosp. Found.*, 934 S.W.2d 868, 871 (Tex.App. 1996) ("The open courts provision provides a specific guarantee of right of access to the courts."). Moreover, Plaintiffs fail to cite any authority addressing the issue or supporting their contention that the issues raised are, in fact, novel. Because Plaintiffs fail to support their assertion, and nothing in the nature of their claims warrants relinquishment of supplemental jurisdiction, this Court rejects Plaintiff's first argument. This factor thus weighs in favor of retaining supplemental jurisdiction.

## 2. Predominate state or federal claims

Plaintiffs argue that, in light of the dismissal of the federal claim, the remaining state law medical malpractice claims predominate, thus supporting remand to state court. Pls.' Mot. 5. Defendants do not address this argument.

■ The second factor of § 1367(c) provides the district court with the discretion to dismiss a claim supported only by supplemental jurisdiction if that claim substantially predominates over the claim or claims over which the district court has original jurisdiction. 28 U.S.C. § 1367(c)(2). Once federal law claims are dismissed, leaving only state law claims, the state law claims "clearly predominate over the now non-existent federal claims." *McClelland*, 155 F.3d at 520.

In the instant case, this Court dismissed the federal claims and only supplemental state law claims remain. Therefore, the state law claims predominate over the federal claims. This factor thus weighs in favor of declining to exercise supplemental jurisdiction.

## 3. District court has dismissed all claims over which it has original jurisdiction

Plaintiffs argue that after dismissal of the federal claims against Defendant U.S.A., there remain no other independent bases for original jurisdiction. That is, all jurisdiction-conferring claims have been

dismissed and only pendent state law claims remain to be litigated. Pls.' Mot. 5. Further, Plaintiffs argue that litigating the entire case in state court would promote convenience because there is an additional defendant named in the state case that is not part of the federal case.[1] Pls.' Mot. 6.

Defendants, on the other hand, argue that judicial economy, convenience, and fairness will be served by retaining supplemental jurisdiction. Defs.' Resp. 13–14. Specifically, Defendants argue that judicial economy is served because Plaintiffs' state law claims are amenable to summary disposition under two pending motions in this Court: (1) "Motion for Summary Judgment" and (2) "Motion Challenging the Adequacy of Plaintiffs' Expert Report." Defs.' Resp. 5. Further, Defendants assert that Plaintiffs filed a companion case in state court after representing to this Court that adding Defendants to the federal case would be an "alternative" to filing a separate suit in state court. Defs.' Resp. 15. As such, Defendants argue that it would be unfair to allow Plaintiffs to forum-shop, and resolution of this case in federal court, where it was first initiated, would be most convenient and fair. *Id.*

 The third factor of 28 U.S.C. § 1367(c) allows a district court to decline to exercise supplemental jurisdiction over pendent state law claims once all claims over which it had original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). In fact, the general rule in the Fifth Circuit is to decline to exercise jurisdiction over supplemental state law claims when the federal claims are dismissed before trial. *Parker*, 972 F.2d at 585 ("Our gen-

eral rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.") (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir.1989). However, this rule is neither mandatory nor absolute. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 447 (5th Cir.2002). While dismissal of federal claims "provides a powerful reason to choose not to continue to exercise jurisdiction," it is not independently controlling. *Carnegie–Mellon*, 484 U.S. at 343, 108 S.Ct. 614. A district court retains the power to hear a supplemental claim after dismissal of all federal claims if, on balance, the underlying values of judicial economy, convenience, fairness, and comity indicate that it should be heard. *Baker v. Farmers Elec. Co–op, Inc.*, 34 F.3d 274, 283 (5th Cir.1994).

With respect to judicial economy and convenience, one consideration is the stage of litigation at the time all jurisdiction-conferring claims are dismissed. *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir.1998). If all jurisdiction-conferring claims are dismissed at an early stage of the proceedings, dismissal of state claims is almost always preferred. *Morris*, 277 F.3d at 756; *Parker*, 972 F.2d at 585. Another consideration is the amount of judicial resources that have been committed to the case, which would result in a duplication of efforts were the matter adjudicated by a state court. *Rosado v. Wyman*, 397 U.S. 397, 404–05, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970) ("Common sense policy of pendent jurisdiction involves conservation of judicial energy and avoidance of multiplicity of litigation."); *Miller Aviation v. Milwaukee County Bd. of Supervi-*

---

1. Plaintiffs fail to cite any case law in support of these contentions, and this Court can find none. Plaintiffs do, however, cite two cases in support of their general position—*Noble v. White*, 996 F.2d 797, 799 (5th Cir.1993) and *McClelland, supra.* Both cases, however stress that special issues of state law, such as

election disputes and workers' compensation claims, should be adjudicated by state courts. Plaintiffs' reliance upon *Noble* and *McClelland*, therefore, is misplaced as the instant case does not involve a similar "special issue" of state law.

*sors,* 273 F.3d 722, 731–32 (7th Cir.2001) ("Remand of remaining supplemental state-law claims was error as it would require duplication of effort by state court that would undermine the very purpose of supplemental jurisdiction—judicial efficiency."). Yet another consideration is whether a backlog in state courts would inordinately delay resolution of the parties' dispute. *Parker,* 972 F.2d at 588.

In addressing issues of judicial economy, convenience, and fairness the United States Court of Appeals for the Fifth Circuit has held that judicial economy is served when state law claims that are "easily dispatched" and do not present novel issues of state law. *Smith,* 298 F.3d at 447; *Morris,* 277 F.3d at 756; *Batiste,* 179 F.3d at 228. For example, in *Morris,* the Fifth Circuit upheld the district court's retention of supplemental jurisdiction and grant of summary judgment over remaining state law claims after the federal claims had been dismissed. *Morris,* 277 F.3d at 756. Similarly, in *Batiste,* the Fifth Circuit held that a district court abused its discretion in *not* retaining jurisdiction over pendent state claims where the court's familiarity with the merits of the state law claims demonstrated that retaining jurisdiction would prevent redundancy and conserve judicial resources. *Batiste,* 179 F.3d at 228. Moreover, because the remaining claims were amenable to summary disposition, the Fifth Circuit instructed the district court to rule on summary judgment as to all remaining claims. *Id.; see also Smith,* 298 F.3d at 447 (finding that principles of judicial economy, convenience, and fairness weigh in favor or retaining jurisdiction when the trial court has substantial familiarity with the merits of the case).

In the instant case, the federal claims against Defendant U.S.A. have been dismissed prior to trial. The original basis for jurisdiction is lost and only state law medical malpractice claims remain. At the outset, adherence to the Fifth Circuit's general rule would require this Court to decline to exercise supplemental jurisdiction. However, the general rule is considered in light of judicial economy, convenience, fairness, and comity, and when done so in the instant case, leads to a different result.

■ In this case, the factors of judicial economy, convenience, and fairness weigh in favor of exercising supplemental jurisdiction. This Court is familiar with the merits of the case and the litigation has been pending before this Court for a little over a year, since March 2005. In that time, extensive pre-trial proceedings have taken place. Indeed, pending before this Court are Defendant's motions for "Summary Judgment" and "Challenging the Adequacy of Plaintiffs' Expert Report." Moreover, Plaintiffs have filed responses to these motions.

This Court recognizes that there is a dispute between the parties over the correct discovery deadline. However, even if this Court accepts the later discovery deadline of June 30, 2006, it will have passed by the time this order issues. Therefore, the dispute is moot. To the extent discovery is an issue, it weighs in favor of retaining jurisdiction because the parties have carried this case to a point where it is *ready for disposition.*

Defendants, as well as Plaintiffs, have advocated in good faith and have litigated diligently in accord with this Court's scheduling order. Accordingly, this Court is of the opinion that it would be a waste of judicial resources to dismiss the remaining claims after such extensive preparation on both sides. Under these circumstances, the interests of judicial economy, convenience, and fairness weigh in favor of exercising supplemental jurisdiction over the remaining state law claims.

### 4. Other compelling reasons for declining jurisdiction

In addition to the previous factors, the fourth factor of § 1367(c) allows a district court to exercise supplemental jurisdiction if, in exceptional circumstances, there are other compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c)(4). Declining jurisdiction under this factor, however, should be the exception rather than the rule. *Itar–Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 448 (2d Cir.1998). This Court does not find any compelling reasons sufficient to decline to exercise supplemental jurisdiction. This factor, therefore, carries no weight in the instant case.

### III. CONCLUSION

The balance of the statutory provisions of 28 U.S.C. § 1367(c) and the relevant common law factors favor this Court exercising supplemental jurisdiction. Plaintiffs Rick Mendoza's and Irene Mendoza's Motion (Doc. No. 44) is **DENIED.**

**SO ORDERED.**