# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 9, 2013

Lyle W. Cayce
Clerk

No. 12-11100
Summary Calendar

ABDEL ELTAYIB,

Plaintiff-Appellant

v.

CORNELL COMPANIES INC; GEO GROUP, INC.; DAVID JUSTICE; STEVE MCDANIEL; JOHN FARQUHAR; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; HARLEY LAPPIN; DONNA MELLENDICK; GLENN BALINAO; LOUIE ESCOBELL; FEDERAL BUREAU OF PRISONS,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:10-CV-296

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Abdel Eltayib, formerly federal prisoner # 13882-050, appeals the dismissal of a civil rights complaint he filed while imprisoned at Big Spring Correctional Center (BSCC). Eltayib relied mainly on 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants included Cornell Companies, Inc. (Cornell) and GEO

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Group, Inc. (GEO), private corporations that were or are managing BSCC. Eltayib also named several former or current employees of Cornell or GEO at BSCC, and he sued Federal Bureau of Prisons (BOP) director Harley Lappin, BOP privatization administrator Donna Mellendick, and the BOP.

Cornell, GEO, and their employees are not subject to suit as state actors under § 1983. BSCC is a federal prison and "§ 1983 applies to constitutional violations by *state, rather than federal*, officials." *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir.1999) (emphasis added), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

In addition, Cornell, GEO, and their employees cannot be liable as private actors under *Bivens*. *See Minneci v. Pollard*, 132 S. Ct. 617, 626 (2012); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 63-64 (2001). The BOP itself also cannot be sued under *Bivens*. *Malesko*, 534 U.S. at 72. The *Bivens* claims against BOP defendants Lappin and Mellendick, were properly dismissed because they cannot be vicariously liable and because Eltayib failed to allege facts that would show that their "own individual actions . . . violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In support of his Fifth Amendment Equal Protection claim, Eltayib asserts that the district court erred because the defendants had "policies . . . to transfer [a] certain class of inmates to private facilities." He does not identify this "certain class" or explain why it was wrong to send anyone to a privately managed prison. His amorphous conclusion of discrimination fails to show that the district court erred by dismissing this claim. *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 336 (5th Cir. 2009).

Although Eltayib concedes that his request for a transfer is moot in light of his release from prison, he argues that the court erred by dismissing as moot his request for injunctive relief seeking the immediate cessation of all prisoner transfers to BSCC. He does not offer any basis for the district court to make such a sweeping order. Except for the limited purpose of correcting proven

constitutional violations, federal courts are neither empowered nor equipped to second-guess prison administrators or to engage in prison management. *Ruiz v. Estelle*, 679 F.2d 1115, 1126 (5th Cir. 1982) (and cases cited therein), *vacated in part on other grounds* 688 F.2d 266 (5th Cir. 1982).  This contention is frivolous.

The district court did not abuse its discretion by dismissing Eltayib's state-law claims because it properly dismissed any federal claims that might have supported supplemental jurisdiction. *See Noble v. White*, 996 F.2d 797, 799-800 (5th Cir. 1993).  Eltayib's vague and conclusional assertions also fail to establish diversity jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).

Because Eltayib raises no relevant, nonfrivolous challenge to the dismissal of his claims, the judgment of the district court is AFFIRMED.  Eltayib's motion for the appointment of counsel is DENIED.