# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20164
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
August 28, 2017

Lyle W. Cayce
Clerk

VALENTIN AYALA-GUTIERREZ,

Plaintiff-Appellant

v.

#1 JOHN DOE; #2 JOHN DOE; CCRI GUARD JOHN DOE #3; OFFICER
JANE DOE; DIANA E. JACKSON, Nurse Practitioner; CHRIS STRICKLAND,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-387

Before JONES, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Valentin Ayala-Gutierrez, Texas prisoner # 1730618, appeals the dismissal without prejudice of his 42 U.S.C. § 1983 complaint for failure to state a claim. He also moves for the appointment of counsel and for leave to file an out-of-time reply brief. Ayala-Gutierrez alleged that he suffered Eighth Amendment violations while a federal pretrial detainee in Joe Corley

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20164

Detention Facility and named as defendants the GEO Group, Inc., (GEO) and several of its employees. The district court held that he stated neither a § 1983 nor a *Bivens*[1] claim.

We review the district court's dismissal de novo. *See Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir.), *cert. denied sub nom. Legate v. Collier*, 137 S. Ct. 489 (2016). To state a claim for relief under § 1983, a plaintiff is required to allege that he was deprived of a constitutional right by those acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). A *Bivens* action is analogous to an action under § 1983, except that § 1983 applies to constitutional violations by state, rather than federal, actors. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

Ayala-Gutierrez argues that he has stated a claim under § 1983 because GEO is a state actor that derives its authority to operate Joe Corley Detention Facility from the state of Texas. He additionally argues that he has stated a claim under *Bivens* because GEO is a federal employee insofar as it acts under the color of federal law in operating Joe Corley Detention Facility. This court has rejected these arguments in *Eltayib v. Cornell Companies, Inc.*, 533 F. App'x 414, 414-15 (5th Cir. 2013). *Eltayib* held that GEO and their employees are not subject to suit as state actors under § 1983 because they manage a federal prison, and § 1983 applies to constitutional violations by state--not federal--officials. 533 F. App'x at 414. It additionally held that GEO and its employees cannot be liable as private actors under *Bivens*. *Id*. (citing *Minneci v. Pollard*, 565 U.S. 118, 131 (2012), and *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 63-64 (2001)). Ayala-Gutierrez therefore has shown no error on the part of the district court in dismissing his complaint for failure to state a claim.

---

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2

No. 16-20164

Ayala-Gutierrez additionally argues that the district court abused its discretion in denying his motion to file an amended complaint, which motion was filed after entry of the order dismissing his suit.  His motion was denied as moot, with the court noting that the lawsuit was closed.  Ayala-Gutierrez's arguments address the viability of the claims raised in his proposed complaint; he does not assign error to or address the district court's ruling that the motion was moot because judgment had been entered and the lawsuit was closed.  He has therefore waived review of that issue.  *See Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Ayala-Gutierrez also asks this court to review the district court's dismissal of all of his motions, listing 18 docket entries that he would like this court to review.  However, he sets forth no legal argument and does not identify any alleged error on the part of the district court in disposing of any of these motions.  His failure to adequately brief this issue renders it waived.  *See Yohey*, 985 F.2d at 229.

Ayala-Gutierrez's motion for the appointment of counsel is denied.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).  His motion for leave to file an out-of-time reply brief is granted.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; MOTION FOR LEAVE TO FILE OUT-OF-TIME REPLY BRIEF GRANTED.