# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2022

Lyle W. Cayce
Clerk

No. 21-20463
Summary Calendar

United States of America, ex rel, Bridgette Jacobs,

*Plaintiff—Appellant*,

*versus*

Walgreen Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-5021

Before Clement, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

Plaintiff-Relator Bridgette Jacobs is a pharmacist licensed in Texas who has been employed by Defendant Walgreen Company (Walgreens) since 2002. In 2019, Jacobs filed a qui tam suit against Walgreens under the False Claims Act (FCA) and the Texas Medicaid Fraud Prevention Act (TMFPA).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20463

Her complaint generally alleges that, throughout her employment, Walgreens has repeatedly submitted incorrect and false claims for reimbursement to Medicare and Medicaid. The United States and the State of Texas declined to intervene.

After giving Jacobs a chance to amend her complaint, the district court ultimately dismissed her FCA claims on the ground that she failed to plead them with sufficient particularity. It then declined to exercise supplemental jurisdiction over her TMFPA claim. Jacobs timely appealed. We AFFIRM.

The FCA imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval[]" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A)–(B). To state a claim under the FCA, a relator must plead: "(1) a false statement or fraudulent course of conduct; (2) that was made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money (i.e., that involved a claim)." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014) (citing *United States ex rel. Longhi v. United States*, 575 F.3d 458, 467 (5th Cir. 2009)). A complaint filed under the FCA is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Id.* at 365.

Jacobs' amended complaint provided ten "examples" of Walgreens' allegedly fraudulent billing practices, none of which pleaded facts supporting an inference that the allegedly fraudulent conduct amounted to anything more than innocent mistake or negligence. Our precedent is clear: "th[e] mens rea requirement [of an FCA claim] is not met by mere negligence or even gross negligence." *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 338 (5th Cir. 2008); *United States v. Southland Mgmt. Corp.*, 326 F.3d 669, 681 (5th Cir. 2003) (en banc) (Jones, J., concurring) ("On the other

No. 21-20463

hand, the statute's definition of 'knowingly' excludes liability for innocent mistakes or negligence." (citations omitted)). Indeed, on multiple occasions throughout the amended complaint, Jacobs *herself* characterized Walgreens' actions as "mistakes."

The balance of Jacobs' amended complaint pleaded that Walgreens failed to correct certain billing mistakes once it discovered them. These allegations also fail; conclusory allegations that do not provide specifics as to the "who, what, when, where, and how of the alleged fraud" are insufficient under Rule 9(b). *United States ex rel. Colquitt v. Abbott Labs.*, 858 F.3d 365, 371 (5th Cir. 2017) (internal quotation marks and citation omitted).

The district court gave Jacobs a chance to amend her complaint to address the pleading deficiencies in her original complaint. Its order on Walgreens' motion to dismiss the original complaint specifically instructed her that her amended complaint should be "responsive to the issues raised by Walgreens' motion to dismiss." But Jacobs' amended complaint suffers from the same deficiencies as her original complaint. Accordingly, the district court properly dismissed her amended complaint with prejudice and without leave to amend.

Moreover, the district court was within its discretion to decline to exercise supplemental jurisdiction over Jacobs' TMFPA claim. "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) (per curiam). Not only did the district court dismiss all federal claims over which it had original jurisdiction, but TMFPA claims differ in scope from FCA claims, making dismissal without prejudice of Jacobs' TMFPA claim even more appropriate. *See, e.g.*, *United States v. Cath. Health Initiatives*, 312 F. Supp. 3d 584, 607 (S.D. Tex.

No. 21-20463

2018), *aff'd sub nom. United States ex rel. Patel v. Cath. Health Initiatives*, 792 F. App'x 296 (5th Cir. 2019) (unpublished).

The judgment is AFFIRMED.