# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-11139
Conference Calendar

JOHN ADI

Plaintiff-Appellant

v.

MANAGEMENT & TRAINING CORPORATION; LARRY JOE RASBEARY,
Ex-Warden; KERRY DIXON, Warden

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CV-172

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

John Adi, federal prisoner # 24680-079, filed a pro se 42 U.S.C. § 1983 complaint alleging that he was unlawfully incarcerated against his will and without a valid judicial commitment order. The district court sua sponte dismissed Adi's complaint for failure to state a claim, finding that Adi's claims necessarily implicated the validity of his confinement and were barred by Heck

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Humphrey, 512 U.S. 477 (1994). A dismissal for failure to state a claim is reviewed de novo. Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

Although Adi attempts to couch his challenge to his confinement in terms of unconstitutional state administrative action, such a challenge is "just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U. S. 475, 489 (1973). Because Adi's claims clearly implicate the duration and fact of his confinement, as opposed to the procedures affecting his confinement, and because he has not alleged that his conviction or sentence has been reversed or expunged, his claims are barred by Heck. See Heck, 512 U.S. at 486-87; Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994).

Adi has not shown that the district court erred in dismissing his complaint for failure to state a claim. Adi's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); see also Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996)(stating that a § 1983 claim which falls under the rule in Heck is legally frivolous). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. Adi is cautioned that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint for failure to state a claim. See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We caution Adi that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See §1915(g). Adi should review any pending appeals and withdraw any that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.