# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-20814
Conference Calendar

JOHN ADI

Plaintiff-Appellant

v.

UNITED STATES MARSHALS SERVICE, Houston Division; WILLIE GREASON, JR, Chief Deputy, United States Marshals Service, Houston Division; JOHN DOE, #1, Unknown Employee of the United States Marshals Service, Houston Division; JOHN DOE, #2, Unknown Employee of the United States Marshals Service, Houston Division; JANE DOE, #1, Unknown Employee of the Federal Bureau of Prisons, Southern District Office within Dallas, or Cedar Springs Office; ROBERT LACY, JR, Warden, CCA/Liberty County Jail, Liberty, TX; JANE DOE, #2, Unknown Employee of the Corrections Corporation of America Stationed at the CCA/Liberty County Jail, Liberty, TX; JOHN DOE, #3, Unknown Employee of the Corrections Corporation of America Stationed at Liberty, Texas

Defendants-Appellees

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3032

---

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

John Adi, federal prisoner # 24680-079, appeals the dismissal as frivolous of his Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) action. He alleged that he was unlawfully incarcerated against his will and without a valid judicial commitment order and that the defendants caused him to be illegally arrested and confined. He further asserted state law claims of false arrest and imprisonment. The district court found that Adi's claims necessarily implicated the validity of his confinement and were barred by Heck v. Humphrey, 512 U.S. 477 (1994) and dismissed the complaint as frivolous. This court reviews a dismissal of a prisoner complaint as frivolous for abuse of discretion. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). A complaint is frivolous if it lacks "an arguable basis in law or fact." Id.

Adi maintains that because the gravamen of his complaint is that the defendants arrested him without authority and while still on a valid bond and thereafter illegally confined him, the allegations of his complaint do not necessarily implicate the validity of his underlying conviction and sentence and are thus not barred by Heck.

Adi is correct that a claim of "unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest." Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1994). However, a judgment in favor of Adi would necessarily implicate the duration of his confinement. See Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995). Because Adi's claims clearly implicate the fact and duration of his confinement and because he has not alleged that his conviction or sentence has been reversed or expunged, his claims are barred by Heck. Since all of Adi's federal claims were properly dismissed, the district court did not abuse its discretion in dismissing Adi's supplemental state law claims. See Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993).

Adi has not shown that the district court erred in dismissing his complaint as frivolous, and the judgment of the district court is affirmed. We note that the district court's dismissal of Adi's complaint as frivolous counts as a strike under

2

28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Adi has already accumulated two prior strikes. See Adi v. Management & Training Corp., No. 07-11139, 2008 WL 2468474 (5th Cir. June 19, 2008) (unpublished). Further, we are imposing another strike in Adi v. Knot, No. 07-20875, decided today. Because Adi has at least three strikes under § 1915(g), he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

AFFIRMED; 28 U.S.C. § 1915(g) BAR IMPOSED.