# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-20875
Conference Calendar

JOHN ADI

Plaintiff-Appellant

v.

RON KNOT, Investigator with Harris County District Attorneys Office;
RAPHAEL GONZALES, Investigator with Harris County District Attorneys
Office; LESTER BLIZZARD, Assistant District Attorney

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3142

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

John Adi, federal prisoner # 24680-079, appeals the dismissal as frivolous of his 42 U.S.C. § 1983 complaint. He alleged that following his arrest on a state felony charge, the defendants violated his rights under Article 36 of the Vienna Convention (the Convention) because they failed to advise him or insure that he was aware of his right to consulate notification and consultation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court sua sponte determined that Adi's § 1983 complaint was barred by the statute of limitations. Contrary to Adi's contentions, the district court was not required to give him an opportunity to respond to the time-bar issue prior to dismissing his complaint. See 28 U.S.C. § 1915(e)(2)(B)(i); Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 619 (5th Cir. 1992).

Adi argues that he first became aware that he suffered an injury and that the defendants violated his rights under Article 36 of the Convention on June 12, 2007, after reading the decision in Jogi v. Voges, 480 F.3d 822, 834-35 (7th Cir. 2007), which concluded that a foreign national could pursue a cause of action under § 1983 for a violation of his Article 36 rights. Adi's argument is without merit. Because Adi knew at the time of his arrest and conviction that the defendants failed to advise him of his rights under the Convention, he was aware of the injury which is the basis of his action. The fact that Adi did not know that he had a "legal cause of action" under § 1983 is not relevant in determining the date on which the limitations period began to run. See Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). Because Adi was aware of the injury at the time of his arrest and conviction, the limitations period ended, at the latest, in April 2001, two years after Adi's criminal conviction. Adi's § 1983 complaint filed in 2007 comes too late.

Adi contends that the district court erred in denying his motion to amend his complaint to allege that he first became aware that the defendants violated his rights under Article 36 on June 12, 2007, after reading the decision in Jogi. As discussed above, the Jogi decision is of no help to Adi. Thus, any amendment would have been futile, and the district court did not abuse its discretion in denying Adi's motion. See Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003). The judgment of the district court is affirmed.

We note that the district court's dismissal of Adi's complaint as frivolous counts as a strike under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Adi has already accumulated two prior strikes. See Adi

v. Management & Training Corp., No. 07-11139, 2008 WL 2468474 (5th Cir. June 19, 2008) (unpublished).  Further, we are imposing another strike in  Adi v. United States Marshals Serv., No. 07-20814, decided today.  As Adi has now accumulated at least three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal while he "is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." § 1915(g).  Adi should review any pending matters to insure that none is frivolous.

AFFIRMED; 28 U.S.C. § 1915(g) BAR IMPOSED.