United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40328
Summary Calendar

_____

ARTURO RIVERA,

Plaintiff-Appellant,

versus

JULIO SALAZAR, Individually and in His Official Capacity as
a Corrections Officer at the William G McConnell Unit; ALAN
R CANTU, Individually and in His Official Capacity as a
Corrections Officer at the William G McConnell Unit; WILLIAM
L STEPHENS, Individually and in His Official Capacity as
Senior Warden II, at the William G McConnell Unit; DOMINGO
A CARRILLO, Individually and in His Official Capacity as Major
of Correction Officers at the William G McConnell Unit;
AURELIO AMBRIZ, Individually and in His Official Capacity as
Captain of Correctional Officers at the William G McConnell
Unit; MICHAEL L PARKER, Individually and in His Official
Capacity as Captain of Correction Officers (DHO) at the
William G McConnell Unit; ANDRES GALLEGOS, Individually and
in His Official Capacity as Lieutenant of Correctional
Officers at the William G McConnell Unit; JAROD A BLEIBDREY,
Individually and in His Official Capacity as Sergeant of
Correctional Officers at the William G McConnell Unit;
MARTHA E NAVAJASGALLEGOS, Individually and in Her Official
Capacity as Sergeant of Correctional Officers at the William
G McConnell Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CV-552
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arturo Rivera, a Texas prisoner (# 716185), filed this pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, against several correctional officials. He alleged that Correctional Officer Julio Salazar assaulted him, that Officer Alan Cantu was standing by and did nothing to stop it, and that Salazar then filed a false disciplinary report in retaliation for Rivera's having reported the assault. He alleged that other defendants did nothing about Rivera's grievance regarding these matters and that they conspired to "aid and abet" the false disciplinary proceedings against him. On January 27, 2005, the district court issued a "Final Judgment Dismissing Certain Claims," dismissing Rivera's claims against all of the defendants other than Salazar and Cantu but retaining on the court's docket the claims against those two defendants.

This court must examine the basis of its jurisdiction sua sponte. Wilkens v. Johnson, 238 F.3d 328, 330 (5th Cir. 2001). The district court's grant of partial summary judgment did not dispose of all of the claims and was therefore not a final judgment under 28 U.S.C. § 1291. See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enter., Inc., 170 F.3d 536, 538-39 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1999). In addition, the court did not certify the finality of the dismissed claims under FED. R. CIV. P. 54(b). Although the district court labeled the judgment "final," the document does not reflect an "unmistakable intent" to enter an appealable partial judgment under Rule 54(b). See id. at 539-40. However, the district court has subsequently entered final judgment as to the claims against Salazar and Cantu. Accordingly, we may exercise appellate jurisdiction over the January 27, 2005, judgment. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 539 n.1 (5th Cir. 2005); Barrett v. Atlantic Richfield Co., 95 F.3d 375, 379 (5th Cir. 1996).

By failing to brief any challenge to the district court's conclusion, under 28 U.S.C. § 1915A(b), that he failed to state a claim as to defendants Major Domingo Carrillo, Captains Aurelio Ambriz and Michael Parker, Lieutenant Andres Gallegos, and Sergeants Martha Navejas-Gallegos and Jarod Bleibdrey, Rivera has effectively abandoned his claims against those defendants. See Salazar-Regino v. Trominski, 415 F.3d 436, 451 (5th Cir. 2005); FED. R. APP. P. 28(a)(9).

Rivera argues that Assistant Warden Alfonso Castillo and Senior Warden William Stephens were liable as supervisors. He maintains that Castillo was aware of many inmate complaints about Officer Salazar and of Salazar's "proclivity to bring false charges against inmates in retaliation for reporting his various abuses." He asserts that Castillo "employed a wholly inadequate

and impotent disciplinary system that permitted officer[ ]s like Officer Salazar to continue to employ their bullish methods without sanction." Rivera has not, however, described the history of complaints against Salazar or explained how Castillo's disciplinary system was "inadequate and impotent." Although he asserts that Castillo created a "policy or custom under which unconstitutional practices occurred," he describes neither the policy or custom nor the "unconstitutional practices." These conclusory allegations are insufficient to establish supervisory liability. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002); Thompkins v. Belt, 828 F.2d 298, 305 (5th Cir. 1987). The district court did not err in concluding that Rivera had failed to state a cognizable constitutional claim against either Castillo or Stephens. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); 28 U.S.C. § 1915A(b).

The January 27, 2005, judgment of the district court is AFFIRMED.