# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2017

Lyle W. Cayce
Clerk

No. 16-30798
Summary Calendar

PAMELA THOMAS, Individually and on behalf of her minor children Derrick Jones and Ernest Jones, Jr.,

      Plaintiff - Appellant

v.

JAMES POHLMANN, in his official capacity as sheriff for the St. Bernard Parish; UNIDENTIFIED PARTIES, in their individual and official capacities as deputies for the St. Bernard Parish,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-4891

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

    Plaintiff–Appellant Pamela Thomas, individually and on behalf of her minor children, Derrick Jones and Ernest Jones, Jr., asserted claims against Defendants–Appellees St. Bernard Parish Sheriff James Pohlmann and

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30798

unidentified deputies for excessive force and false arrest under 42 U.S.C. § 1983; liability under *Monell*; and various violations of Louisiana state law. The district court granted summary judgment against Thomas on the basis that the claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Because the district court erred in concluding that all of the claims were barred by *Heck*, we AFFIRM in part, REVERSE in part, and REMAND.

## I. FACTS AND PROCEEDINGS

On January 1, 2015, deputies from the St. Bernard Parish Sheriff's Office responded to an emergency call about a physical altercation taking place in the parking lot of a Dollar General store in Chalmette, Louisiana. Upon arrival in the parking lot, the deputies arrested Plaintiff–Appellant Pamela Thomas and her two minor sons, Derrick Jones and Ernest Jones, Jr. (collectively, Plaintiffs). Plaintiffs allege that during the arrest, deputies "slammed" Pamela into the ground and again into the hood of her vehicle, which aggravated a preexisting medical condition. In addition, they allege that Ernest was tased twice while he was handcuffed. Upon arrest, Plaintiffs were taken to the St. Bernard Parish Jail and booked. Pamela was released the next day; the record is unclear when Ernest and Derrick were released. Plaintiffs allege that "for an extended period of time" while in the jail, they were "without proper maintenance, denied medical treatment and continually battered and assaulted." They also allege that Derrick was "dragged inside the jail." Plaintiffs were charged with disturbing the peace by fighting, *see* La. Stat. Ann. § 14:103(A)(1), and Pamela and Ernest were also charged with resisting an officer, *see* La. Stat. Ann. § 14:108. Plaintiffs ultimately pleaded guilty to all relevant charges.

On September, 30, 2015, after all guilty pleas were entered, Pamela, individually and on behalf of Derrick and Ernest, filed the instant action against Defendants–Appellees St. Bernard Parish Sheriff James Pohlmann, in

2

his official capacity, and two unidentified deputies (collectively, SBSO). Plaintiffs raised claims under 42 U.S.C. § 1983 for excessive force and false arrest. They also asserted a *Monell* claim against Pohlmann for supervisory liability, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), as well as claims under Louisiana state law for false arrest, excessive force, infliction of emotional distress, battery, and assault. SBSO moved for summary judgment on all the claims, arguing that, because Plaintiffs pleaded guilty to all charges against them, their claims must be dismissed under *Heck*.[1] On July 5, 2016, the district court granted summary judgment in part and denied it in part. First, it granted summary judgment for SBSO with respect to Plaintiffs' § 1983 and state law claims for false arrest. Next, its order differentiated between Pamela's and Ernest's claims on the one hand and Derrick's claims on the other, dismissing all of the former while allowing some of the latter to proceed. Specifically, it granted summary judgment for SBSO on Pamela's and Ernest's § 1983 and state law claims for excessive force; state law claims for assault, battery, and inflicting emotional distress; and *Monell* claims, on the basis that all of these claims were *Heck*-barred by virtue of Pamela's and Ernest's convictions for resisting an officer. But the district court denied summary judgment with respect to Derrick's federal and state law claims for excessive force; his state law claims for assault, battery, and inflicting emotional distress; and his *Monell* claim, reasoning that these claims were not barred by *Heck* because Derrick was only charged with disturbing the peace, not resisting an officer.

Following the summary judgment order, Derrick's remaining claims were scheduled to proceed to trial on August 22, 2016. Shortly before the trial,

---

[1] SBSO filed two separate motions for summary judgment, one as to Pamela's and Derrick's claims and one as to Ernest's claims. However, SBSO made the same *Heck*-based argument in each motion, and the district court addressed both motions in a combined order.

on August 11, a settlement conference was held at which all of Derrick's remaining claims were settled. The next day, the district court dismissed all of Derrick's remaining claims. In the dismissal order, the district court noted that all other claims brought in the action had previously been dismissed on summary judgment and those claims were not part of the settlement. On August 15, the district court entered a final judgment dismissing all the claims on which it granted summary judgment in its July 5 order. This timely appeal followed.

## II.  JURISDICTION

Before proceeding to the merits, we must first determine whether we have jurisdiction over this appeal. *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). With few exceptions not relevant here, our jurisdiction is limited to "final decisions of the district courts of the United States." 28 U.S.C. § 1291; *see also Martin*, 618 F.3d at 481. Generally, a judgment or order is final and appealable when it resolves all claims against all parties and "leaves nothing for the court to do but execute the judgment." *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). In contesting jurisdiction, SBSO relies on procedural issues with Plaintiffs' notice of appeal. Plaintiffs filed two notices of appeal. They filed their first notice of appeal on July 6, 2016, the day after the district court's summary judgment order. The first notice of appeal stated that Plaintiffs were appealing "the final judgment relating to the granting of [SBSO's] Motion for Summary Judgment and dismissal of [Plaintiffs'] claims with prejudice as entered in this action on the 5th day of [July] 2016." This first notice of appeal was docketed as case number 16-30798 and serves as the basis of this appeal. Plaintiffs filed their second notice of appeal on August 22, after Derrick's remaining claims were settled and the district court entered a final judgment in the case. The second notice of appeal stated that Plaintiffs

were appealing "the final judgment relating to the granting of [SBSO's] Motion for Summary Judgment and dismissal of [Plaintiffs'] claims with prejudice as entered in this action on the 15th day of August 2016." This second notice of appeal was docketed as case number 16-30949. A briefing notice was issued in the second case, but that case was ultimately dismissed for want of prosecution on October 17, 2016, after Plaintiffs failed to timely submit an opening brief and record excerpts. Thus our jurisdictional inquiry is limited to considering the adequacy of the first notice of appeal because it is the one that serves as the basis of this appeal; the case associated with the second notice of appeal has been dismissed.

SBSO contests our jurisdiction over Plaintiffs' appeal, arguing that because Plaintiffs appealed the district court's grant of summary judgment before a final judgment was entered, the summary judgment order does not constitute a final decision of the district court over which we have jurisdiction. It is true that Plaintiff's first notice of appeal was technically premature. The first notice of appeal followed the district court's July 5 summary judgment order, but this order was not final because it neither disposed of all of Plaintiffs' claims nor was it certified as a final judgment pursuant to Federal Rule of Civil Procedure 54(b). *See Riley v. Wooten*, 999 F.2d 802, 804 (5th Cir. 1993); Fed. R. Civ. P. 54(b) (providing that when an action involves multiple claims or parties, the district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay"). However, we have previously exercised jurisdiction over a premature notice of appeal when, subsequent to the filing of that notice of appeal and prior to our consideration, the district court entered a final judgment disposing of all remaining parties and claims. *See Sampson v. GATX Corp.*, 547 F. App'x 369, 374 (5th Cir. 2013) (per curiam); *Rivera v. Salazar*, 166 F. App'x 704, 705–06 (5th Cir. 2005) (per

curiam); *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 539 n.1 (5th Cir. 2005); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 634 n.2 (5th Cir. 2002). In *Young v. Equifax Credit Information Services*, we considered a notice of appeal that appealed a district court's order granting summary judgment as to only one of the three defendants. 294 F.3d at 634. After the plaintiff filed the notice of appeal, the district court issued another order granting summary judgment as to all claims against the two remaining defendants. *Id.* at 634–35. We recognized that the plaintiff's notice of appeal was "technically premature" because the district court order on which it was based did not dispose of all claims nor was it certified as a final judgment. *Id.* at 634 n.2. However, we reasoned that "because the order would have been appealable if the district court had certified it pursuant to Rule 54(b) and because the district court did subsequently (and prior to oral argument herein) dispose of all remaining parties and claims, this court has jurisdiction over the appeal of summary judgment." *Id.* (citing *Barratt v. Atl. Richfield Co.*, 95 F.3d 375, 379 (5th Cir. 1996)).

Similarly here, we have jurisdiction over Plaintiffs' appeal even though their first notice of appeal was technically premature. As in *Young*, the district court could have certified its July 5 summary judgment order as a final judgment under Rule 54(b). And the next month, the district court did subsequently dispose of the claims of the only remaining plaintiff—Derrick—pursuant to a settlement agreement and entered a final judgment in the case prior to this court's consideration. Accordingly, although the first notice of appeal was technically premature, we properly exercise jurisdiction over Plaintiffs' appeal of the district court's July 5 summary judgment order and proceed to consider the merits.

No. 16-30798

## III.  EFFECT OF *HECK* ON PLAINTIFFS' CLAIMS

We review a grant of summary judgment *de novo*, applying the same standard as the district court. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Rogers*, 755 F.3d at 350 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

To state a claim under § 1983, a plaintiff must show: (1) he or she was deprived of a federal constitutional or statutory right or interest; (2) this deprivation occurred under the color of state law; and (3) the defendant was either personally involved in this deprivation or committed wrongful conduct that is causally connected to it.  *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008).  In *Heck*, the Supreme Court considered the effect of a criminal conviction on a plaintiff's § 1983 claim.  It held that a plaintiff is not permitted to use a § 1983 suit to challenge to validity of his or her conviction unless the plaintiff shows that the conviction has been reversed or invalidated.  *Heck*, 512 U.S. at 486–87; *see Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).  Under the holding of *Heck*, if a judgment in the plaintiff's favor on a § 1983 claim "would necessarily imply the invalidity of his [or her] conviction or sentence," the claim is barred.  *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).  *Heck*'s bar extends to convictions obtained through guilty pleas.  *See, e.g.*, *id.* at 375–76.  We consider *Heck*'s effect on each of Plaintiffs' claims below.

### A.  False Arrest

Plaintiffs appeal the district court's grant of summary judgment in SBSO's favor on their § 1983 false arrest claims.  In order to prevail on their false arrest claims, Plaintiffs must show that they were arrested without

7

probable cause. *Burge v. Par. of St. Tammany*, 187 F.3d 452, 480 (5th Cir. 1999). Here, Plaintiffs were all arrested for disturbing the peace by fighting, *see* La. Stat. Ann. § 14:103(A)(1), and Pamela and Ernest were also arrested for resisting an officer, *see* La. Stat. Ann. § 14:108. "We have specifically noted that false arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity." *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) (per curiam). Given that Plaintiffs ultimately pleaded guilty to all the charges for which they were arrested, allowing them to proceed on their false arrest claim would necessarily implicate the validity of their convictions because the same conduct that formed the probable cause for their arrest also provided the basis for their convictions. *See Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable to arrest [for the crime for which he was ultimately convicted], would demonstrate the invalidity of [the conviction]."). Accordingly, the district court did not err in granting summary judgment in SBSO's favor on Plaintiffs' false arrest claims.

**B. Excessive Force**

Plaintiffs also appeal the district court's grant of summary judgment in SBSO's favor on their § 1983 excessive force claims. We have previously acknowledged that a claim of excessive force is not barred by *Heck* if it is "temporally and conceptually distinct" from the defendant's conviction. *Bush*, 513 F.3d at 498. The determination of whether an excessive force claim is barred by *Heck* "is analytical and fact-intensive, requiring us to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Id.* at 497. Accordingly, we will address each of Plaintiffs' convictions in turn.

*1. Resisting an officer*

Pamela and Ernest were both charged with and pleaded guilty to resisting an officer, in violation of Louisiana Revised Statute § 14:108. The district court concluded that Pamela's and Ernest's excessive force claim was barred by *Heck* because of these convictions. The district court reasoned that this claim was necessarily inconsistent with Pamela's and Ernest's convictions for resisting an officer because, in making this claim, they argued that they acted innocently throughout their encounter with police. Specifically, the complaint alleged that Pamela and Ernest "acted in a lawful manner" "[a]t all times during the encounter with the [police]." It is true that, in considering whether a resisting arrest conviction is separable from an excessive force claim, one factor we have focused on is whether the § 1983 claimant maintains he acted lawfully throughout his encounter with the police. For example, in *Arnold v. Town of Slaughter*, we found it significant that the plaintiff did not allege that the police used excessive force after he stopped resisting arrest or to stop his resistance, but rather he simply alleged that "he did nothing wrong but was viciously attacked for no reason." 100 F. App'x 321, 324 (5th Cir. 2004) (per curiam). Because the plaintiff maintained that he acted without fault throughout the entirety of his encounter with the police, his excessive force claim "squarely challenge[d] the factual determination that underlies his conviction for resisting an officer" and thus was barred by *Heck*. *Id.* at 324–25; *see also Daigre v. City of Waveland*, 549 F. App'x 283, 286–87 (5th Cir. 2013) (per curiam) (reasoning that because plaintiff's "complaint contain[ed] several statements that contradict[ed] an admission of guilt" to the charge of resisting arrest, her excessive force claim was barred by *Heck*); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir. 2007) (concluding that because the plaintiff's complaint maintained his complete innocence, his excessive force

9

claim was "inseparable" from his conviction for aggravated assault on a police officer).

However, Pamela's and Ernest's excessive force claim is distinguishable from those raised by the foregoing cases. Unlike the plaintiffs in those cases, Pamela and Ernest do not allege that SBSO used excessive force merely in effectuating their arrest. Rather, they also allege that SBSO used excessive force while they were imprisoned in the St. Bernard Parish Jail, where they claim they "remained for an extended period of time without proper maintenance, [were] denied medical treatment and continually battered and assaulted by the defendants." In other words, Pamela and Ernest allege that they were subjected to excessive force *after* they stopped resisting arrest. *See Bush*, 513 F.3d at 500. "[A] claim that excessive force occurred after the arrestee[s] ha[d] ceased [their] resistance [does] not necessarily imply the invalidity of a conviction for the earlier resistance." *Id.* at 498. Therefore, at least a portion of Pamela's and Ernest's excessive force claim is "temporally and conceptually distinct" from their conviction for resisting an officer. *Id.* This is underscored by the fact that their conviction relates to the events of their arrest that occurred in the Dollar General parking lot, while the claim relates to events that occurred after they were jailed in the St. Bernard Parish Jail. *Id.*; *see also Ballard v. Burton*, 444 F.3d 391, 400–01 (5th Cir. 2006). Accordingly, Pamela's and Ernest's excessive force claim will not necessarily undermine their convictions for resisting an officer, and thus the district court erred in concluding this claim was barred by *Heck*.

### 2. *Disturbing the peace*

Pamela and Ernest were also charged with and pleaded guilty to disturbing the peace by fighting, in violation of Louisiana Revised Statute

10

§ 14:103(A)(1).[2]  But these convictions are also clearly distinct from and not necessarily inconsistent with their excessive force claim.  The disturbing the peace convictions result from Pamela's and Ernest's pre-arrest conduct, namely their engaging in a "fistic encounter" that prompted the police to be summoned.  This conduct is distinct from the conduct that serves as the basis of their excessive force claim, which is based on events that occurred after the arrival of the police and, in part, after they were jailed.  Accordingly, Pamela's and Ernest's excessive force claim is not "inherently inconsistent" with their convictions for disturbing the peace by fighting and is not barred by *Heck*. *Bush*, 513 F.3d at 497.

**C.  *Monell* claim**

Pamela and Ernest also asserted a *Monell* claim of supervisory liability against Pohlmann, arguing that he "developed, implemented, enforced, encouraged, and sanctioned de facto policies, practices and/or customs exhibiting deliberate indifference to the civil rights and constitutional rights of the Plaintiffs that caused the violation of such rights." *See Monell*, 436 U.S. 658.  The district court granted summary judgment in Pohlmann's favor on this claim, reasoning that a viable *Monell* claim required an underlying constitutional violation.  Because Pamela's and Ernest's excessive force and false arrest claims were both barred by *Heck*, the district court concluded that they failed to allege any viable constitutional violation to support their *Monell* claim and thus summary judgment was warranted.  However, because we conclude that Pamela's and Ernest's excessive force claim is not barred by *Heck*, their *Monell* claim—to the extent it is based on the excessive force claim

---

[2] Because the district court concluded that Pamela's and Ernest's excessive force claim was barred by their convictions for resisting an officer, it did not consider whether it was also barred by their convictions for disturbing the peace.  Because we come to the opposite conclusion, we also consider their convictions for disturbing the peace.

rather than the false arrest claim—is supported by an alleged constitutional violation. Because this is the only reasoning the district court offered for granting summary judgment on this claim, we must conclude that the district court erred in granting summary judgment on Pamela's and Ernest's *Monell* claim.

## D. State law claims

Having addressed Plaintiffs' federal claims, we turn now to their Louisiana state law claims for false arrest, excessive force, inflicting emotional distress, battery, and assault.

### 1. False arrest

The district court granted summary judgment on Plaintiffs' state law claim for false arrest. Under Louisiana law, "[a] claim for false arrest requires the following elements: (1) detention of the person; and (2) the unlawfulness of the detention." *Richard v. Richard*, 74 So. 3d 1156, 1159 (La. 2011) (per curiam). Here, the fact of Plaintiffs' convictions for disturbing the peace by fighting and Pamela's and Ernest's convictions for resisting an officer negate the second element of a false arrest claim. *See Restrepo v. Fortunato*, 556 So. 2d 1362, 1663 (La. Ct. App. 1990) ("As [the plaintiff] was convicted of the crime for which he was arrested and indicted, . . . he cannot show that his detention was unlawful."). Plaintiffs cannot show their detention was unlawful without challenging the validity of their convictions. Accordingly, the district court did not err in granting summary judgment in SBSO's favor on Plaintiffs' state law false arrest claim.

### 2. Remaining state law claims

The district court granted summary judgment on Pamela's and Ernest's remaining state law claims after concluding that these claims were premised on the same basis as their *Heck*-barred § 1983 excessive force claim and were inconsistent with their convictions for resisting an officer. Yet, for essentially

the same reasons as relate to Pamela's and Ernest's excessive force claim, these state law claims have a separate factual basis than that of their convictions. These claims are not based only on SBSO's conduct in effectuating Pamela's and Ernest's arrests but also on events that occurred after they were arrested and jailed. Specifically, Pamela and Ernest allege that they were jailed "for an extended period of time without proper maintenance, [were] denied medical treatment and continually battered and assault by the defendants." Because the district court granted summary judgment on these state law claims based on the fact that the § 1983 claim was barred, we conclude it erred in so granting.

## IV. CONCLUSION

For the foregoing reasons, we REVERSE the district court's grant of summary judgment on Pamela's and Ernest's excessive force claim under § 1983; *Monell* claim; and state law claims for excessive force, infliction of emotional distress, battery, and assault. We AFFIRM the remainder of the district court's order, and REMAND for further proceedings consistent with this opinion. Each party shall bear its own costs.