# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2025

Lyle W. Cayce
Clerk

No. 24-30289

Glenn Damond,

*Plaintiff—Appellant*,

*versus*

City of Rayville; Gary Gilley, *Individually & in his Official Capacity*; Tyler Wade, *in his Individual Capacity & Official Capacity*; Terri Klick, *in her Individual Capacity & Official Capacity*; Kindra Vaughn, *in her Individual Capacity & Official Capacity*; Rodney Rigor, *in his Individual Capacity*; Master Sergeant Rushing, *in his Individual Capacity*; Chief of Security Duchesne, *in his Individual Capacity*; James M. LeBlanc, *In his Individual Capacity*; Gary Westcott, *In His Official Capacity*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CV-1810

_____

Before Smith, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:

Pro se appellant Glenn Damond filed the underlying civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was an inmate at the Richland Parish Detention

Center. Specifically, he raises claims of (1) failure to protect him from an assault by another inmate named Sterling Pepe, (2) deliberate indifference to his serious medical needs, (3) retaliation for his legal filings, and (4) various violations of state law. A magistrate judge screened Damond's complaint and recommended that his complaint be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The district court adopted the magistrate judge's report and recommendation and dismissed Damond's complaint.

On appeal, we review dismissals as frivolous for abuse of discretion, while we review dismissals for failure to state a claim under the same de novo standard we use when reviewing dismissals pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim meets this standard if he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim is instead frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although the district court dismissed Damond's claims collectively "as frivolous and for failing to state claims on which relief may be granted," it did not identify the particular basis on which each claim was dismissed. Out of an abundance of caution, we review the dismissal of each claim de novo. Pro se complaints, like Damond's, "are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). Even so, "conclusory allegations or legal

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

*First*, Damond asserts failure-to-protect claims against Sheriff Gilley, Head Warden Wade, Lieutenant Rigor, Master Sergeant Rushing, and Chief of Security Duchesne, alleging that these defendants maintained a custom of failing to separate violent and non-violent inmates and that they were aware of the substantial risk of serious harm caused by inmate-on-inmate violence. The district court interpreted Damond's complaint as raising failure-to-protect claims (1) against all of these defendants in their individual, non-supervisory capacities, (2) against Gilley, Wade, and Duchesne under a supervisory liability theory, and (3) against the City of Rayville under a municipal liability theory. The facts and arguments supporting these claims are substantively the same.

Pursuant to the Eighth Amendment, inmates have the right to protection against injury by other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). To state a failure-to-protect claim under § 1983, a plaintiff must allege that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)). To satisfy the deliberate indifference element, the plaintiff must allege that the defendants "(1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Rogers*, 709 F.3d at 407-08.

When a plaintiff alleges liability on the part of supervisory officials, he must adequately plead facts showing that (1) the official "participated in acts

that caused constitutional deprivation" or (2) "implemented unconstitutional policies causally related to his injuries." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017). A municipality is liable under § 1983 "only where it 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,' or where 'constitutional deprivations [occurred] pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels.'" *Collins v. City of Harker Heights*, 916 F.2d 284, 286 (5th Cir. 1990) (alteration in original) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). "Liability for failure to promulgate policy and failure to train or supervise both require that the defendant have acted with deliberate indifference." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

To support his allegations that the defendants maintained a custom of allowing inmate-on-inmate violence by failing to separate violent and non-violent inmates, Damond's complaint lists six instances in which inmates attacked others but were later returned to their dormitory. However, Damond fails to identify the jail personnel who were present for or involved in the violent incidents, beyond asserting that Rigor and Rushing allowed the perpetrators to be placed back in the dormitory after two of the incidents. Moreover, these events were dissimilar to Pepe's alleged attack on Damond and to each other. The six physical altercations described in the complaint involved different perpetrators and victims, occurred over the course of several months, were motivated by differing factors, and took place in different locations. Only one of the attacks involved Pepe, and in that fight— which took place six months before Pepe's alleged attack on Damond—the prison determined that the other inmate, not Pepe, had been the aggressor. Damond's allegations are therefore insufficient to state a claim that the specific defendants subjectively knew of and disregarded a substantial risk of

serious harm or that the harm was so obvious that the defendants must have known about it. *See Rogers*, 709 F.3d at 407-08; *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017); *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004).

As to Damond's arguments that the supervisory officials participated in the acts that violated his constitutional rights, he fails to allege the specific acts of each defendant and instead refers to their actions collectively and generally. *See Alderson*, 848 F.3d at 421. These conclusory allegations are insufficient to state a claim that the defendants affirmatively participated in conduct causing a constitutional violation. *See Coleman*, 858 F.3d at 309; *see also, e.g.*, *Rivera v. Salazar*, 166 F. App'x 704, 706 (5th Cir. 2005) (affirming dismissal of § 1983 complaint where prisoner made bare assertion that wardens were aware of actions of employees and created a policy or custom under which practices occurred).

Damond's allegations are also insufficient to support his assertion that the supervisory and municipal defendants created an unconstitutional policy or custom. A plaintiff may adequately allege a claim that municipal officials instituted an unwritten unconstitutional policy by pleading facts showing a pattern of similar constitutional violations. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 850-51 (5th Cir. 2009); *see also Jason v. Tanner*, 938 F.3d 191, 198 (5th Cir. 2019) (applying a similar standard in a case involving supervisory officials). However, as discussed above, Damond identifies only six additional fights over the course of several months, all involving different perpetrators and victims. These alleged incidents are insufficient to allege a custom or policy of tolerating widespread, unprovoked violence in the detention center or to put the officials on notice of the repeated constitutional violations. *Alderson*, 848 at 421; *Peterson*, 588 F.3d at 850-51.

No. 24-30289

For the reasons above, the district court did not err in dismissing Damond's failure-to-protect claims.

*Second*, Damond asserts inadequate medical care claims against the City of Rayville, Gilley, Wade, Dr. Klick, Medical Director Vaughn NP, and former Louisiana Department of Public Safety & Corrections Secretary LeBlanc.[1] The Eighth Amendment deliberate indifference standard also applies to claims of inadequate medical care. *See Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). A plaintiff must allege both that he faced "objective exposure to a substantial risk of serious harm" and "that prison officials acted or failed to act with deliberate indifference to that risk." *Id.* "A prison official acts with deliberate indifference only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Id.* at 346 (cleaned up). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.* To meet this "extremely high standard," the plaintiff must allege that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)).

---

[1] Recently, Gary Westcott replaced LeBlanc as Secretary. Accordingly, we construe this case as raising claims against Westcott in his official capacity. *See Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (explaining that official capacity suits are considered "another way of pleading an action against an entity of which an officer is an agent" (quoting *Monell*, 436 U.S. at 690 n.55)). For simplicity and consistency with Damond's pleadings, this opinion refers to all such claims as claims against LeBlanc.

6

No. 24-30289

According to Damond's complaint and the medical records attached thereto, he was given an ice bag, a muscle rub, and a regimen of the non-steroidal anti-inflammatory drug ("NSAID") ibuprofen.    Nonetheless, Damond asserts that his medical care was constitutionally inadequate because: (1) Vaughn provided ibuprofen, rather than naproxen (a different NSAID), which Klick allegedly had prescribed; (2) Vaughn failed to provide x-rays; and (3) Vaughn failed to provide physical therapy for ten days after Damond was assaulted due to policies implemented by LeBlanc.    These allegations do not reflect deliberate indifference and are therefore insufficient to state an inadequate medical care claim.  *See Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019) ("There is no Eighth Amendment claim just because an inmate believes that 'medical personnel should have attempted different diagnostic measures or alternative methods of treatment.'" (quoting *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)); *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); *Petzold v. Rostollan*, 946 F.3d 242, 251-52 (5th Cir. 2019) ("[A]n official defers to prior treatment—and doesn't delay it—when he knows an injured prisoner has recently received medical care and denies the prisoner's additional treatment request for the same injury. . . . [M]erely refusing to provide additional treatment is insufficient for deliberate indifference.").

Although cursory and ineffective treatment of a serious medical issue may amount to deliberate indifference, *Ford v. Anderson County.*, 102 F.4th 292, 308-309, 308 n.7 (5th Cir. 2024) (per curiam), the conclusory allegations in Damond's complaint are insufficient to state such a claim.    Further, because Damond has not sufficiently alleged that he received constitutionally inadequate medical care, his supervisory and municipal liability claims

7

against the City of Rayville, Gilley, Wade, Klick, and LeBlanc for inadequate medical care necessarily fail as well. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *Whitley v. Hanna*, 726 F.3d 631, 648-49 (5th Cir. 2013); *Jackson v. City of Hearne*, 959 F.3d 194, 204 (5th Cir. 2020).

*Third*, Damond claims that Wade and Duchesne retaliated against him for his "legal activities" by transferring him to another prison. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Damond's complaint contains only conclusory allegations that he was transferred to another prison in retaliation for filing grievances and lawsuits, and he does not allege that the prison to which he was transferred was more dangerous or otherwise inferior to the Richland Parish Detention Center. Thus, the district court did not err by determining that the complaint failed to state a retaliation claim. *See DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019).

*Finally*, Damond's complaint includes a number of state law claims against various defendants. "However, a violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005); *see also Levitt v. Univ. of Tex. at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985) ("[U]nless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation."). Further, "[d]istrict courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). The district court did not err in dismissing Damond's state law claims.

No. 24-30289

For the foregoing reasons, the judgment of the district court is AFFIRMED.